FILED
U.S. DISTRICT COURT

2011 MAY 11 P 2: 14

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UTAH COALITION OF LA RAZA et al., | **ORDER** |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:11-CV-401 CW |
| GARY R. HERBERT and MARK SHURTLEFF, | Judge Clark Waddoups |
| Defendants. | |

This matter is before the court on Plaintiffs' Motion for a Temporary Restraining Order.[1] The Illegal Immigration Enforcement Act (H.B. 497) was to take effect May 10, 2011. Plaintiffs sought to enjoin the law from going into effect on the grounds that it violates the Supremacy Clause, the Fourth Amendment, and the Right to Travel. A hearing on Plaintiffs' motion was held on May 10, 2011. After due consideration of the parties' filings and oral arguments, and otherwise being fully advised,

IT IS HEREBY ORDERED that Plaintiffs' Motion for a Temporary Restraining Order is GRANTED for the reasons stated below:

1. Plaintiffs presented evidence to support their assertion that their constitutional rights will be violated if H.B. 497 goes into effect. The court concludes that such harm is

---

[1] The plaintiffs in this matter are Utah Coalition of La Raza; Service Employees International Union; Workers' United Rocky Mountain Joint Board; Centro Civico Mexicano; Coalition of Utah Progressives; Latin American Chamber of Commerce; Salt Lake City Brown Berets; Jane Doe #1; John Doe #1; Milton Ivan Salazar-Gomez; Eliana Larios; Alicia Cervantes; and John Doe #2 (collectively "Plaintiffs").

irreparable.

2. Plaintiffs seek to preserve the status quo until the court can more fully address their Complaint. Plaintiffs have presented sufficient evidence to create a substantial question about the constitutionality of H.B. 497. The court concludes this is sufficient to meet the "likelihood of success on the merits" prong.

3. The court finds the balance of the harm weighs in favor of Plaintiffs. Because Plaintiffs' harm would be irreparable, it is a serious harm. In contrast, there is no apparent harm to the defendants to maintain the status quo.

4. The court also finds that the public interest weighs in favor of Plaintiffs. The public has an interest in ensuring that laws which govern a society are constitutional and that constitutional rights are protected. Although the public also has an interest in seeing laws take effect that have been signed into law, such interest does not outweigh the interest in ensuring that a law is proper.

Based on these findings, it is FURTHER ORDERED that H.B. 497 is stayed and may not be executed or enforced by the defendants or those who work under the direction of the defendants, whether directly or indirectly. This stay shall remain in effect until further order of the court.

Plaintiffs' Motion for Preliminary Injunction shall be heard on **July 14, 2011 at 8:30**. Defendants shall file their opposition to Plaintiffs' motion on or before **June 8, 2011**. Plaintiffs shall file their reply on or before **June 22, 2011**. This schedule may be adjusted if a party determines that additional time is necessary to complete briefing.

DATED this 11th day of May, 2011.

BY THE COURT:

*[signature]*

Clark Waddoups
United States District Judge